UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

JESSE L. REAM,

        Petitioner,

    v.

BRANDON KELLY, Superintendent,

        Respondent.

_____

Case No. 6:21-cv-00927-AA

OPINION AND ORDER

AIKEN, District Judge.

    Petitioner brings this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 and challenges his state court convictions on grounds of an allegedly involuntary plea, the ineffective assistance of counsel, and trial court error. Respondent argues that the Petition is untimely and barred by the statute of limitations. Petitioner did not seek federal habeas relief within the one year limitations period, and his Petition is denied.

BACKGROUND

    On February 15, 2011, petitioner was charged with one count of Manslaughter in the First Degree, three counts of Failure to Perform Duties of a Driver to Injured Persons, two counts of Assault in the Fourth Degree, one count of Driving Under the Influence of Intoxicants, one count

Page 1    - OPINION AND ORDER

of Reckless Driving, and one count of Tampering with Physical Evidence. Resp't Ex. 102. The charges arose from automobile collision between petitioner's vehicle and another car that resulted in the death of one person and serious injuries to two others. According to the record, petitioner was heavily intoxicated and speeding through a construction zone at 65 miles per hour, when he ran a red light and collided with the victim's car. Petitioner then fled the scene. *See* Resp't Ex. 106 at 14-18, 43.

Under the terms of a negotiated plea agreement, petitioner pled guilty or no contest to all charges. Resp't Ex. 103-04. The agreement provided for an "open" sentencing, with the State agreeing to recommend a sentence of no more than 211 months. Resp't Ex. 103 at 2. The trial court ultimately imposed an aggregate sentence of 220 months' imprisonment. Resp't Ex. 101 at 3-11.

Petitioner filed a direct appeal, and the Oregon Court of Appeals dismissed the appeal and the Oregon Supreme Court denied review. Resp't Exs. 107-11. On August 14, 2014, appellate judgment issued. Resp't Ex. 112.

On September 17, 2015, petitioner sought post-conviction relief (PCR) in the Oregon courts and alleged essentially the same claims as he alleges in this federal action. Resp't Exs. 113, 115, 121. The PCR court denied relief, the Oregon Court of Appeals affirmed, and the Oregon Supreme Court denied review. Resp't Exs. 148, 152-53. On April 21, 2021, appellate judgment issued. Resp't Ex. 154.

On June 10, 2021, petitioner signed his federal habeas Petition in this action.

## DISCUSSION

Petitioner raises four grounds for relief and asserts the ineffective assistance of trial and appellate counsel, an involuntary guilty plea, and an excessive sentence. Respondent argues that the Petition was filed beyond the one-year statute of limitations and is barred from federal review.

Page 2     - OPINION AND ORDER

Generally, a prisoner must file a federal habeas petition challenging a state court conviction within one year after the challenged conviction becomes final. *See* 28 U.S.C. § 2244(d)(l) (providing that a "1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court"). A conviction become final and the one-year statute of limitations begins to run when direct review proceedings have concluded. *Id.* §2244(d)(l)(A). The "period of 'direct review'… includes the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court." *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999). A petition for writ of certiorari must be filed "within 90 days after entry of the order denying discretionary review." U.S. Sup. Ct. R. 13(1).

 In this case, the Oregon Supreme Court denied review of petitioner's direct appeal on June 26, 2014. Resp't Ex. 111. Petitioner's convictions thus became final on September 24, 2014, ninety days later, and the statute of limitations began to run on that date.

The statute of limitations ran for 358 days before petitioner filed his state PCR petition on September 17, 2015. Resp't Ex. 113. The limitations period was tolled during the pendency of petitioner's PCR proceeding. 28 U.S.C. § 2244(d)(2) (providing that the "time during which a properly filed application for State post-conviction or other collateral review… is pending shall not be counted toward any period of limitations").

On April 21, 2021, appellate judgment issued in petitioner's PCR proceeding, and the statute of limitations restarted. Resp't Ex. 154. The limitations period ran for another fifty days until petitioner signed his federal Petition on June 10, 2021. Pet. at 8 (ECF No. 2). In total, the statute of limitations ran for 408 days, beyond the one-year limitations period.

Petitioner nonetheless maintains that his Petition is timely because his direct appeal did not conclude and his conviction did not become "final" until November 12, 2014, ninety days after

Page 3    - OPINION AND ORDER

the appellate judgement issued on August 14, 2014. Pet'r Brief at 1 (ECF No. 16). Petitioner is incorrect.

As stated above, the period of "direct review" includes the time during which a petitioner may seek a writ of certiorari from the United States Supreme Court. However, a petitioner "seeking review of a judgment of a lower state court that is subject to discretionary review" must petition for certiorari "within 90 days after entry of the order denying discretionary review," *not* ninety days after entry of appellate judgment on direct review. U.S. Sup. Ct. R. 13(1). Here, the Oregon Supreme Court denied discretionary review on June 26, 2014, Resp't Ex. 111, and petitioner's conviction became final on September 24, 2014.

Petitioner cites no "extraordinary circumstances beyond" his control that made "it impossible to file a petition on time" to permit equitable tolling. *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) (citations omitted); *see also Holland v. Florida*, 560 U.S. 631, 649 (2010). Instead, it appears that petitioner miscalculated the limitations period. However, a petitioner's "inability" to correctly "calculate the limitations period is not an extraordinary circumstance warranting equitable tolling." *Rasberry v. Garcia,* 448 F.3d 1150, 1154 (9th Cir. 2006).

Accordingly, the Petition is untimely and petitioner is not entitled to federal habeas relief.

## CONCLUSION

The Petition for Writ of Habeas Corpus (ECF No. 2) is DENIED. A Certificate of Appealability is DENIED on the basis that petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

DATED this <u>17th</u> day of February, 2022.

/s/Ann Aiken<br>Ann Aiken<br>United States District Judge

Page 4    - OPINION AND ORDER